691 So.2d 518 (1997)
STATE of Florida, Appellant,
v.
David T. MONROE, Appellee.
No. 96-01706.
District Court of Appeal of Florida, Second District.
March 14, 1997.
Rehearing Denied April 17, 1997.
*519 Robert A. Butterworth, Attorney General, Tallahassee and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
FRANK, Judge.
In this case we are asked to review the trial court's granting of a new trial to the defendant. The trial court judge based his decision primarily on his dissatisfaction with the identification evidence tendered by the state. He simply did not believe that the defendant had committed the crimes with which he was charged. The judge adhered to his disbelief in spite of the fact that all of the eyewitness testimony and all of the physical evidence, with the exception of a single photograph, pointed to the defendant as the perpetrator. Furthermore, the defendant's alibi, as even the judge admitted, was not credible.
We are mindful of the standard that accords great discretion to a trial judge who assesses the weight and credibility of evidence on a motion for new trial. The judge sits "as the seventh juror with a veto over the unanimous vote of the other six." State v. Smyly, 646 So.2d 238, 241 (Fla. 4th DCA 1994) (citing Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). The trial court's discretion, however, is not unbounded; and in this case we are compelled to conclude that the judge exceeded his limits.
We have also reviewed the other grounds for the granting of the new trial, which are errors of law regarding instructions to the jury and the admission of evidence, and we have concluded that the errors, if any, were harmless. Thus, we cannot sustain the trial court's order on those grounds. See State v. Lewis, 543 So.2d 760 (Fla. 2d DCA 1989).
Reversed and remanded for reinstatement of the jury verdict.
CAMPBELL, A.C.J., and PARKER, J., concur.