PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted the following proposed amendments to the Florida Standard Jury Instructions in Criminal Cases:
1. A revised Schedule of Lesser Included Offenses.[1]
2. A New Instruction on Duress or Necessity.
3. A Supplemental Instruction on Penalty Phase Proceedings.
4. An Amended Instruction on Entrapment.
5. An Amended Instruction on False Imprisonment.
6. Amended Instructions Relating to DUI.
7. A New Instruction on Sexual Activity with a Minor.
The foregoing list of proposed amendments was published in The Florida Bar News and comments were received. The Committee considered the comments and revised proposed amendments were published in The Florida Bar News on January 15, 1998. Several new comments were filed with this Court. In addition to some technical changes, the Court on its own motion has modified the proposed instructions as explained below.
First, the word “intentionally” has been added to the first element in the Committee’s proposed new instruction on duress and necessity. Second, in the amended instruction on entrapment, the Court has changed the term “police” in the definition of information to “law enforcement.” The instruction now reflects that an informant is an agent of law enforcement for the purposes of the entrapment defense.
With these changes, the Court hereby adopts the proposed amendments as set forth in the appendix attached to this opinion and approves them for publication. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions.
Accordingly, the new instructions are appended to this opinion and will be effective on the date this opinion is filed. The new language is indicated by underscoring; deletions are indicated by strike-through type.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
SCHEDULE OF LESSER INCLUDED OFFENSES
COMMENT ON SCHEDULE OF LESSER INCLUDED OFFENSES
One of the difficult problems in instructing a criminal jury is to make certain that it is properly charged with respect to the degrees *124 or categories of guilt that may be applicable to a given crime. The supreme court in Brown v. State, 206 So.2d 377 (Fla.1968) described these categories as follows:
1. Crimes divisible into degrees
2. Attempts to commit offenses
3. Offenses necessarily included in the offense charged
4. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
Because it is often so difficult to determine these categories, the committee prepared a list of the offenses applicable to each of the crimes for which standard jury instructions had been drafted. At the same time, the committee recommended treating lesser degrees as category 3 or 4 offenses depending on the offense and treating attempts as a category 4 offense, thereby eliminating the first two Brown categories as separate categories. In its opinion dated April 16,1981, in which it approved the new standard jury instructions, the supreme court also approved the schedule of lesser included offenses and accepted the recommendation of the committee to consolidate the four Brown categories into two categories. The supreme court directed that the four categories should be renumbered and designated as follows:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
The court also directed that the appropriate Florida Rules of Criminal Procedure be amended to accommodate these changes. The categories of the offenses which appear on the schedule of lesser included offenses have been renumbered and designated according to the supreme court mandate.
In determining the appropriate lesser offenses for inclusion in the table, the committee followed certain guidelines: 1. No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration. See Ray v. State, 403 So.2d 956 (Fla.1981); State v. Carpenter, 417 So.2d 986 (Fla.1982).
2. If the definition of the crime includes the attempt or the endeavor to commit the crime, there can be no separate offense of an attempt to commit that crime, e.g., uttering, forgery, grand theft second degree, delivery of controlled substance.
3. Certain crimes do not have attempts, e.g., culpable negligence, extortion, perjury, corruption by threat against public servant, resisting officer with violence, and conspiracy.
4. Except as stated above, attempts to commit crimes generally are included unless the evidence conclusively shows that the charged crime was completed. In such case, attempt should not be instructed.
5. Some statutes provide that the penalty for certain crimes is enhanced if certain events occur during their commission. For example, under F.S. 810.02 burglary is a felony of the first degree if the burglar makes an assault or is armed with explosives or dangerous weapons. If these events do not occur but burglary is committed in a dwelling occupied by human beings, the offense is a felony of the second degree. All other burglaries are felonies of the third degree. Thus, if a defendant is charged with first degree burglary by virtue of having made an assault during the course of the burglary, the jury should be permitted to return a verdict for simple third degree burglary without the enhancement of the assault. In practice, this is similar to the concept of lesser included offenses, but since statutes of this type are couched in terms of enhancement, the schedule does not carry the lower degrees of the offenses proscribed by those statutes as lesser included offenses.
6. Under Knight v. State, 338 So.2d 201 (Fla.1976), felony murder is included within a single indictment count of’premeditated murder. Therefore, first degree felony murder should be given if requested by the state and if supported by the evidence, although it is not a lesser included offense.
*125 [[Image here]]
*126 [[Image here]]
*127 [[Image here]]
*128 [[Image here]]
*129 [[Image here]]
*130 [[Image here]]
*131 [[Image here]]
*132 [[Image here]]
*133 [[Image here]]
*134 [[Image here]]
*135 [[Image here]]
*136 [[Image here]]
*137 [[Image here]]
*138 [[Image here]]
*139 [[Image here]]
*140 [[Image here]]
DURESS OR NECESSITY
An issue in this case is whether (defendant) acted out of [duress][necessity] in committing the crime of (crime charged) (lesser included offenses).
It is a defense to the (crime charged) (lesser included offenses) if the defendant acted out of [duress] [necessity]. In order to find the defendant committed the (crime charged) (lesser included offense) out of [duress][necessity], you must find the following six elements:
1. the defendant reasonably believed [a danger][an emergency] existed which was not intentionally caused by [himself][herself].
2(a). the [danger][emergency] threatened significant harm to [himself][herself][a third person], (or)
Give 2(b) if escape charged
2(b). the [danger][emergency] threatened death or serious bodily injury.
3. The threatened harm must have been real, imminent and impending.
Give 4(a) if escape not charged
4(a). the defendant had no reasonable means to avoid the [danger][emergency] except by committing the (crime charged) (lesser included offenses).
Note to Judge
If escape is charged, the court must first determine whether the defendant has satisfied the conditions precedent enumerated in Muro v. State, 445 So. 2d 374 (Fla. 3d DCA 1984) and Alcantaro v. State, 107 So. 2d 922 (Fla. 1st DCA 1981) and if so, give jb.
4(b). the defendant left
[the place of [his][her] confinement][the vehicle in which [he][she] was being transported] [to][from][his][her] work on a public road]
because [he][she] reasonably believed that escape was necessary to avoid the danger of death or serious injury, rather than with the intent to elude lawful authority.
5. the (crime charged) (lesser included offenses) must have been committed out of [duress][necessity] to avoid the [danger][emergency],
6. The harm that the defendant avoided must outweigh the harm caused by committing the (crime charged) (lesser included offenses).
*141 Definitions
“Imminent and impending” means the [danger][emergency] is about to take place and cannot be avoided by using other means. A threat of future harm is not sufficient to prove this defense. Nor can the defendant use the defense of [duress][necessity] if [he][she] committed the crime after the danger from the threatened harm had passed.
The reasonableness of the defendant’s belief that [a danger ][an emergency] existed should be examined in the light of all the evidence.
In deciding whether it was necessary for the defendant to commit the (crime charged) (lesser included offenses), you must judge the defendant by the circumstances by which [he][she] was surrounded at the time the crime was committed.
The [danger][emergency] facing the defendant need not have been actual; however to justify the commission of the (crime charged) (lesser included offenses), the appearance of the [danger][emergency] must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the [danger][emergency] could be avoided only by committing the (crime charged) (lesser included offenses). Based upon appearances, the defendant must have actually believed that the [danger][emergency] was real.
If you find from the evidence that the defendant committed the (crime charged) (lesser included offenses) out of [duress][necessity], you should find the defendant not guilty.
However if you find that the defendant did not commit the (crime charged) (lesser included offenses) out of [duress][necessity] you should find the defendant guilty if all the elements of the charge have been proved.
Note to Judge

Duress is not a defense to an intentional homicide. See Wright v. State, 402 So. 2d 193 (Fla. 3d DCA 1981).

PENALTY PROCEEDINGS-CAPITAL CASES
After the first paragraph on page 114 of the manual, the following additional language is proposed:
Note to Judge

Give before a new penalty phase jury

[A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to disregard an aggravating circumstance if you have an abiding conviction that it exists. On the other hand, if, after carefully considering, comparing and weighing all the evidence, you do not have an abiding conviction that the aggravating circumstance exists, or if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the aggravating circumstance has not been proved beyond a reasonable doubt and you should disregard it, because the doubt is reasonable.
It is to the evidence introduced in this proceeding, and to it alone, that you are to look for that proof.
*142 A reasonable doubt as to the existence of an aggravating circumstance may arise from the evidence, conflicts in the evidence or the lack of evidence.
If you have a reasonable doubt as to the existence of an aggravating circumstance, you should find that it does not exist. However, if you have no reasonable doubt, you should find that the aggravating circumstance does exist and give it whatever weight you feel it should receive.]
3.04(c)(2) ENTRAPMENT
Note to Judge
This instruction is to be used for offenses occurring on or after October 1,1987.
The defense of entrapment has been raised. (Defendant) was entrapped if
1. [he] [she] was, for the purpose of obtaining evidence of the commission of a crime, induced or encouraged to engage in conduct constituting the crime of (crime charged), and
2. [he] [she] engaged in such conduct as the direct result of such inducement or encouragement, and
3. the person who induced or encouraged [him] [her] was a law enforcement officer or a person engaged in cooperating with or acting as an agent of a law enforcement officer, and
4. the person who induced or encouraged [him] [her] employed methods of persuasion or inducement which created a substantial risk that the crime would be committed by a person other than one who was ready to commit it, and
5. (defendant) was not a person who was ready to commit the crime.
When claim of entrapment no defense
It is not entrapment if (defendant) had the predisposition to commit the (crime charged). (Defendant) had the predisposition if before any law enforcement officer or person acting for the officer persuaded, induced, or lured (defendant), [he] [she] had a readiness or willingness to commit (crime charged) if the opportunity presented itself.
When — claim of entrapment no defense
It is also not entrapment merely because a law enforcement officer in a good faith attempt to detect crime
Give a, b, or c as applicable
(a) [provided the defendant the opportunity, means and facilities to commit the offense, which the defendant intended to commit and would have committed otherwise.]
(b) [used tricks, decoys or subterfuge to expose the defendant’s oriminal acts.]
(c) [was present and pretending to aid or assist in the commission of the offense.]
On the issue of entrapment, the defendant must prove to you by a preponderance the greater weight of the evidence that his criminal conduct occurred as-the result of entrapment, a law enforcement officer or agent induced or encouraged the crime charged. Greater weight of the evidence means that evidence which is more persuasive and convincing. If the defendant does so, the State must prove beyond a reasonable doubt *143 that the defendant was predisposed to commit the (crime charged). The state must prove defendant’s predisposition to commit the (crime charged) existed prior to and independent of the enducement or encouragement.
Give if applicable
An informant is an agent of law enforcement for purposes of the entrapment defense.
If you find that the defendant was entrapped, you should find the defendant not guilty of (crime charged). If, however, you find that the defendant was not entrapped, you should find the defendant guilty if all of the elements of the charge have been proved.
Note to Judge

This instruction should be given only if there is some evidence of the defendant’s lack of predisposition to commit the crime. See Munoz v. State, 629 So.2d 90 (Fla. 1993).

FALSE IMPRISONMENT F.S. 787.02
Before you can find the defendant guilty of False Imprisonment, the State must prove the following threetwo elements beyond a reasonable doubt:
Elements
1. (Defendant) [forcibly] [secretly] [by threat] [confined] [abducted] [imprisoned] [restrained] (victim) against [his] [her] will.
2. (Defendant) had no lawful authority.
Give-(a),(b), (c) or (d) as applicable
3. (Defendant) acted for any purpose other than to:
St, hold for ransom or — reward or as a shield or hostage.
b. commit or facilitate-commission of-any felony,
e, inflict bodily harm upon or to -terrorize the victim or-another-person.
d* interfere with the performance of any governmental-or political function.
Read only if confinement is alleged and child is under 13 thirteen years of age.
Confinement of a child under the age of thirteen (13) is against [his] [her] will if such confinement is without the consent of [his] [her] parent or legal guardian.
FELONY DUI-PRIOR CONVICTIONS F.S. 316.193(2)(b)
Before you can find the defendant guilty of DUI, the State must prove the following two elements beyond a reasonable doubt:
Elements
1. (Defendant) drove or was in actual physical control of a vehicle.
2. While driving or in actual physical control of the vehicle, (defendant)
Give 2a and/or 2b as *144 applicable
*143 a. [ was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to *144 the extent that [his] [her] normal faculties were impaired.] or
b. [had a blood or breath alcohol level of 040 0.08 percent or higher.]
Definitions; give as applicable F.S.
316.003(75)
“Vehicle” is any device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
“Normal faculties” mean-those-faculties of a person, such as include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
F.S. 877.111(1)
( ) is a chemical substance under Florida law.
Ch. 893, F.S.
( ) is a controlled substance under Florida law.
Note to Judge

In appropriate cases, an instruction may be given on one or more of the presumptions of impairment established by F.S. 316.1934(2)(a), (2)(b), and (2)(c), as follows:

(2)4a)U If you find from the evidence that the defendant had a blood or breath alcohol level of 0.05 percent or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired.
(2)tb}2. If you find from the evidence that the defendant had a blood or breath alcohol level in excess of 0.05 percent but less than 0.08 percent, you may consider that evidence with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired; or,
(2)(c)3. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 percent er more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that [his] or [her] normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
These presumptions may be considered along with any other evidence presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired.
Defense of in-operability; give if applicable
It is a defense to the charge of driving or being in actual physical control of a vehicle while under the influence if at the time of the alleged offense the vehicle was inoperable.
*145 However, it is not a defense if, while impaired, the defendant drove or was in actual physical control of the vehicle before it became inoperable.
Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty.
However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty if all the other elements of the charge have been proved beyond a reasonable doubt.
FELONY DUI- SERIOUS BODILY INJURY F.S. 316.193(3)(c)(2)
Before you can find the defendant guilty of DUI with Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Defendant) drove or was in actual physical control of a vehicle.
2. While driving or while in actual physical control of the vehicle, (defendant)
Give 2a or 2b as applicable
a. [was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.] or
b. [had a blood or breath alcohol level of 040 0.08 percent or higher.]
3. As a result (defendant) caused serious bodily injury to (victim).
Definitions; give as applicable
316.003(75)
“Vehicle” is any device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
“Normal faculties” mean those faculties of a person, such as- include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
F.S. 877.111(1)
( ) is a chemical substance under Florida law.
Ch. 893, F.S.
( ) is a controlled substance under Florida law.
F.S. 316.1938
“Serious bodily injury” means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
Note to Judge

In appropriate cases, an instruction may be given on one or more of the presumptions of impairment established by F.S. 316.1934-(2)(a), (2)(b), and (2)(c), as follows:

*146 (2)(a)L If you find from the evidence that the defendant had a blood or breath alcohol level of 0.05 percent or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that this] or [her] normal faculties were impaired.
(2)(b)2. If you find from the evidence that the defendant had a blood or breath alcohol level in excess of 0.05 percent but less than 0.08 percent, you may consider that evidence with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired; or,
(2)(c)3. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 percent or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that [his] or [her] normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
These presumptions may be considered along with any other evidence presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired.
Defense of in-operability; give if applicable
It is a defense to the charge of driving or being in actual physical control of a vehicle while under the influence if at the time of the alleged offense the vehicle was inoperable,
However, it is not a defense if, while impaired, the defendant drove or was in actual physical control of the vehicle before it became inoperable.
Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty.
However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty if all the other elements of the charge have been proved beyond a reasonable doubt.
DUI MANSLAUGHTER F.S. 316.193(3)(c)3
Before you can find the defendant guilty of DUI Manslaughter, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Defendant) operated drove or was in actual physical control of a vehicle.
v.-State, 564 (F-la»-4989) Give 2(a) or 2(b) as applicable
2. (Defendant), by reason of--such operation, caused-or contributed to the cause of-the-death of (victim),While driving or while in actual physical control of the vehicle, (defendant)
a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired, or
b. had a blood or breath alcohol level of 0.08 or higher.
Give 3a.and or-3b.as--applicable
3. At the time of such operation(defendant)
a* [was under the-influence of [alcoholic beverages] [a-ohemical substance] [a controlled substance] to-
*147 the extent-that-[his] [her] normal faculties were impaired,-]
hr [had a blood or breath alcohol level of OdO percent or higher-,]
See Magaw v. State, 537 So.2d 564 (Fla.1989)
As a result, (defendant) caused or contributed to the cause of the death of (victim).
Definitions; give as applicable
316.003(75)
“Vehicle” is any device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
“Normal faculties” mean-those faculties of a person-such-as include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
“Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
“Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
877.111(1) Ch. 893, F.S.
( ) is a chemical substance under Florida law.
( ) is a controlled substance under Florida law.
Note to Judge

In appropriate cases, an instruction may be given on one or more of the presumptions of impairment established by F.S. 316.193Í(Z)(a), (Z)(b), and (2)(c), as follows:

(2Xa)L If you find from the evidence that the defendant had a blood or breath alcohol level of 0.05 percent or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired.
(2)(b)2. If you find from the evidence that the defendant had a blood or breath alcohol level in excess of 0.05 percent but less than 0.08 percent, you may consider that evidence with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired; or*
(2Xe)3. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 percent or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that [his] or [her] normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence.
These presumptions may be considered along with any other evidence presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent that [his] or [her] normal faculties were impaired.
Defense of in-operability; give if applicable
It is a defense to the charge of driving or being in actual physical control of a vehicle while under the influence if at the time of the alleged offense the vehicle was inoperable.
However, it is not a defense if, while impaired, the defendant drove or was in actual physical control of the vehicle before it became inoperable.
*148 Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty.
However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty if all the other elements of the charge have been proved beyond a reasonable doubt.
UNLAWFUL SEXUAL ACTIVITY WITH CERTAIN MINORS F.S. 794.05 [NEW]
Before you can find the defendant guilty of sexual activity with a minor, the State must prove the following three elements beyond a reasonable doubt:
Elements
L (Victim) was 16 or 17 years of age.
2. (Defendant) was age 24 or older.
3. [(Defendant) engaged in sexual activity with a minor in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].
Give if applicable
Sexual activity does not include an act done for a bona fide medical purpose.

. The revised schedule completely replaces the present version. The entire schedule, which is included in the appendix to this opinion, has been reorganized chronologically by statute number and also includes substantive changes.