746 So.2d 471 (1998)
STATE of Florida, Appellant,
v.
Douglas COFFMAN, Appellee.
No. 97-04247.
District Court of Appeal of Florida, Second District.
August 26, 1998.
*472 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
THREADGILL, Acting Chief Judge.
The State contends the trial court erred in setting aside a jury verdict and granting the appellee, Douglas Coffman, a new trial in this aggravated child abuse case. We agree and reverse.
Coffman was charged with aggravated child abuse based on malicious punishment in violation of section 827.03(1)(c), Florida Statutes (1995), after his girlfriend's six-month-old child, for whom Coffman had been babysitting, was rushed to the emergency room of Manatee Hospital, because he had stopped breathing and was essentially having some kind of seizure. Emergency room doctors, as well as physicians at All Children's Hospital where the child was later transferred, unanimously concluded that the child was suffering from Shaken Baby Syndrome. Because medical personnel felt that the extensive injuries giving rise to the child's symptoms had to have been inflicted only a few hours before the child was rushed to the hospital, Coffman fell accused, as the child had been in his exclusive care for most of the day preceding the incident. The child is permanently brain damaged as a result of those injuries.
During trial, the trial court denied Coffman's various motions for a judgment of acquittal, finding that, though there was conflicting evidence as to Coffman's guilt and though Coffman indeed presented evidence and argument from which the jury could find him not guilty, the State presented substantial competent medical evidence which, if believed, established that the child's injuries were inflicted "very, very close in time to when the child was reported unresponsive and gravely ill." The trial court emphasized that the State's experts were quite clear in their testimony, so as to negate any reasonable hypothesis that the injuries occurred as a result of something or someone other than Coffman. After the jury was given the standard instruction on aggravated child abuse predicated on malicious punishment, it found Coffman guilty as charged.
At a posttrial hearing on Coffman's motions for a judgment of acquittal notwithstanding the verdict and for new trial, the trial court again denied Coffman an acquittal because the State had presented substantial competent evidence which was inconsistent with Coffman's reasonable hypothesis of innocence. The trial court, however, set aside the verdict and entered an order granting Coffman a new trial, stating that: "1) Sitting as a seventh juror, there was reasonable doubt in this case and that the jury did not properly apply the standard of beyond and to the exclusion of a reasonable doubt; 2) The verdict was contrary to the weight of the evidence; 3) This court believes the instruction of simple battery should have been given in regard to the jury instruction."
In denying Coffman's motions for judgment of acquittal, the trial court explicitly found that the State presented legally sufficient evidence which, if believed by the jury, would support a conviction. Legally sufficient evidence is evidence which "constitute[s] proof beyond a reasonable doubt on every element of the offense charged." See State v. Smyly, 646 *473 So.2d 238, 241 (Fla. 4th DCA 1994)(citing Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)). For that reason, the trial court was precluded from setting aside the verdict on the basis that reasonable doubt existed as to Coffman's guilt or that there was otherwise no manner in which the jury could have properly found that Coffman's guilt was proven beyond a reasonable doubt.
Despite having found that the State's evidence was legally sufficient, the trial court was authorized to order a new trial on the basis that the verdict was contrary to the weight of the evidence. See Fla. R.Crim. P. 3.600(a)(2); see also Tibbs; Smyly. Thus, before this court can reverse a new trial order predicated on that basis, it must conclude that the trial court abused its discretion. See State v. Monroe, 691 So.2d 518 (Fla. 2d DCA 1997). In Monroe, we acknowledged that a trial judge is accorded great discretion in assessing the weight and credibility of the evidence on a motion for new trial. Id. at 519. We also stated that such discretion is not without its limits, however. Id. Therefore, as was the panel in Monroe, we, too, are compelled to conclude that the trial judge in this instance exceeded his limits in ordering a new trial on the basis that the verdict was against the weight of the evidence, because the record before us reveals the contrary.
Further, in Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987), the First District concluded that one charged with aggravated child abuse predicated on malicious punishment is not entitled to an instruction on simple battery as a lesser-included offense. We agree with Kama, as there is no authority indicating that simple battery is a lesser-included offense of aggravated child abuse based on malicious punishment. See Fla. Std. Jury Instr. (Crim.) p. 365. In fact, there are no necessarily or permissible lesser-included offenses indicated in the standard jury instructions for aggravated child abuse under any provision of section 827.03, Florida Statutes (1995).[1] For that reason, we conclude that a simple battery instruction was unwarranted here.
Based on the foregoing, this cause is reversed and remanded for reinstatement of the jury verdict.
WHATLEY and GREEN, JJ., Concur.
NOTES
[1] We are mindful of the recent issuance of Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123 (Fla.1998), which contains a revised schedule of lesser-included offenses that became effective on the filing date of the opinion. The revised schedule indicates that, pursuant to Kama, battery may be included in a charge of aggravated child abuse only under certain circumstances. Kama describes such circumstances as those "not involving discipline of a child by a parent or other person in authority over him." Kama, 507 So.2d at 159.