THOMPSON, J.,
dissents, with opinion.
I respectfully dissent.
Gregg was charged with lewd act upon a child. The information tracks section 800.04(1), Florida Statutes, and states that Gregg “handled or fondled [J.D.], a child under the age of sixteen (16) years in a lewd, lascivious or indecent manner, and in furtherance thereof LARRY LEE GREGG did ha'ndle the penis of [J.D.] ” (Emphasis supplied). This charges a completed lewd act, and there is no reference, inference or alternative pleading that the act was not completed. In fact, the evidence of guilt shows a completed act. If the state wanted an instruction on attempt, it should have filed an attempt charge as a separate count of the information. Because the state did not charge attempt, its request for an attempt instruction should have been denied. See Fla. R.Crim. P. 3.490, 3.510.
The Florida Supreme Court has divided lesser included offenses into two categories: category 1, necessary lesser included offenses; and, category 2, permissive lesser included offenses. See Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.), modified on other grounds, 431 So.2d 599 (Fla.1981); see also Standard Jury Instructions in Criminal Cases (97-2), 23 Fla. L. Weekly S407, S407-S410, 723 So.2d 123,123-132 (Fla.1998). Attempt is not a necessarily lesser included offense of the crime charged, see Brown v. State, 206 So.2d 377 (Fla.1968), and it is now a category 2 permissive lesser included offense. If attempt were automatically charged along with the substantive charge, it would be a necessary lesser included crime for which an instruction must always be given. Category 2 permissive offenses were defined by the supreme court as those offenses “which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.” Since attempt is a category 2 offense, an instruction on it can be given only if it is contained in the charging document.
There are practical reasons for requiring the state to plead an attempt. The state has the exclusive duty of filing an information. The defendant may not file or amend an information. See Fla. R.Crim. P. 3.140. The defendant may move to dismiss the informa *161 tion, but may not dictate its content. Therefore, the defendant must devise a strategy and present a defense based upon the charges contained in the information. If the state can refuse to charge attempt and proceed only upon the substantive charge, but then, at the charge conference, obtain an attempt instruction, the defense is at a disadvantage because it did not have notice of the “new” charge, thus depriving the defendant of due process. See Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937); Ray v. State, 403 So.2d 956 (Fla.1981). Read together or separately, In the Matter of the Use By the Trial Court of the Standard Jury Instructions in Criminal Cases and rule 3.510 do not authorize an instruction on attempt absent charges thereof, and they do not give notice that the instruction might be given.
Further, the intent and effect of the order and the rule are to preclude an instruction on attempt when the only evidence is of a completed ciime. Here the only evidence of guilt is of a completed crime. The evidence was that Gregg, age 41, allowed two young boys, one of whom was J.D., to join him in his hot tub. While in the hot tub, Gregg involved the boys in games that resulted in the removal of the boys’ swim trunks. In one of the games, called “walk the duckie,” Gregg tied a string attached to a rubber duck around J.D.’s penis. He also tapped J.D.’s penis with his finger. During the trial, J.D. testified that Gregg did both acts. This proves not an attempt but the completed act of touching or fondling J.D’s penis. Indeed, during closing argument the prosecutor argued that the completed act had been done, not an attempt. The prosecutor stated:
Everything that happened in that hot tub leads you to believe that what he did was because he had lewd intention towards the child and I ask that you find him guilty of the charge as charged.
[[Image here]]
You will see that there are other options of attempted lewd act and a misdemeanor batter. Battery, just a simple battery. I submit to you that we’ve risen way above the level of a simple battery. This wasn’t an attempt, that this was an actual lewd act.
[[Image here]]
Well, it’s the state’s position that you find the defendant in this case guilty as charged. J.D. deserves justice in this case and I ask that you find him guilty as charged of lewd act upon a child. He did commit a lewd act uipon a child. (Emphasis supplied.)
Because Gregg was convicted of a crime not charged, and because the only evidence of guilt was the completed act, I would quash the conviction.