802 So.2d 434 (2001)
Jacqueline Cooper BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-886.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Carey Haughwout, Public Defender, and Maxine Williams, Assistant Public Defender, West Palm Beach, for appellant.
*435 Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING AND FOR CERTIFICATION OF CONFLICT
PER CURIAM.
We deny appellant's motion for rehearing. We grant appellant's motion for certification of conflict. We withdraw our opinion issued on October 10, 2001, and substitute the following opinion:
Jacqueline Brown appeals from an order withholding adjudication on a charge of child abuse, a third degree felony, and a term of probation of three years. We affirm.
On April 3, 1998, two police officers responded to appellant's home after receiving an anonymous call. As they passed an open bedroom window on their way to the front door, they heard a child screaming in the bedroom and the sounds of slapping. Appellant answered their knock, holding a man's belt in her hand. Since they continued to hear crying coming from the bedroom, the officers asked appellant to have the child come to the door. Appellant called out to the child, who came to the door on his own. Noting that the child's face was wet and red as if he had been crying, one officer lifted his shirt and observed welts and what he described as "whipping marks" on the child's body. The State introduced into evidence twenty (20) photographs of the child as he appeared to the officers that afternoon. One officer testified that in his training and experience, the child's injuries were recent, and there was no one else at home at the time other than appellant and the child. According to Detective Gill Buono, who had been assigned to the Crimes Against Children section of the Miramar Police Department since 1991, he responded to appellant's home after the two officers arrived and at that time observed the child lying on the floor with obvious injuries all over his body. The child was asleep and breathing heavily. Buono testified that he had seen hundreds of cases of children whipped with belts, and the child's injuries were fresh.
Appellant testified that she had been having severe discipline problems with the child. According to appellant, she spanked her son three times on his buttocks and leg with the belt. She stated that her reason for doing so was to teach him that he could not break into people's homes or steal. The State's rebuttal witness, an investigator with the Department of Children and Families, testified that appellant told her that she had hit the child because she did not know what else to do with him and did not know how many times she had hit him with the belt. The jury found appellant guilty as charged. The trial court withheld adjudication and sentenced appellant to a three-year term of probation and imposed the condition that appellant attend parenting classes.
Appellant first argues that the trial court abused its discretion when it failed to instruct the jury on the offense of simple battery, a first degree misdemeanor, on the theory that it was a necessarily lesser-included offense or a permissive lesser-included offense of child abuse. We disagree. Prior to the effective date (July 16, 1998) of Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123 (Fla.1998), the standard jury instructions did not list battery as either a category 1 or category 2 lesser-included offense of either aggravated child abuse or child abuse. Moreover, prior to the change in the standard jury instructions, there were no necessarily or permissible lesser-included offenses listed in the standard jury instructions *436 for offenses committed under the provisions of section 827.03, Florida Statutes (1997). See State v. Coffman, 746 So.2d 471 (Fla. 2d DCA), rev. denied, 728 So.2d 201 (Fla.1998).
In Coffman, the appellant was charged with aggravated child abuse based on malicious punishment in violation of section 827.03(1)(c), Florida Statutes (1995). After the jury found him guilty, the trial court set aside the verdict and ordered a new trial, in part because it found that the jury should have been instructed on simple battery. On appeal, the court reversed. It noted that it was only after July 16, 1998, that the revised schedule included battery as a category 2 lesser-included offense, but "only under certain circumstances" pursuant to Kama v. State, 507 So.2d 154 (Fla. 1st DCA 1987). See also Fla. Std. Jury Instr. (Crim.), 723 So.2d at 125. In Kama, where the appellant had also been charged with malicious punishment, the court held that the trial court may instruct the jury on simple battery in those cases "not involving discipline of a child by a parent or other person in authority over him." Kama, 507 So.2d at 159. Thus, in Coffman, where the crime with which appellant was charged was committed prior to the effective date of the revised schedule of lesser-included offenses, the court held that a simple battery instruction was unwarranted. 746 So.2d at 473.
In the present case, the jury found appellant guilty of committing felony child abuse on April 3, 1998. Although she was charged under section 827.03(1)(a), Florida Statutes (1997) ("Intentional infliction of physical or mental injury upon a child"), and not malicious punishment, at that time there were no necessarily or permissible lesser-included offenses listed under that section. As in the case where an appellant is charged with malicious punishment, the revised schedule of lesser-included offenses provides that a simple battery instruction is available for the present charge only when the case does not involve the discipline of a child by a parent or other person in authority over that child. We agree with the reasoning in Coffman and hold that the trial court did not err when it failed to instruct the jury on the offense of simple battery.
Appellant also argues that the trial court abused its discretion when it denied her motion for judgment of acquittal on the ground that her conduct was privileged. We disagree and affirm on the authority of Raford v. State, 792 So.2d 476 (Fla. 4th DCA) ("We interpret the 1988 legislative changes following Kama as eliminating the parental privilege recognized by Kama under the pre-1988 statutes except for simple battery, e.g., a typical spanking. 507 So.2d at 156." (emphasis supplied)), review granted, 790 So.2d 1107 (Fla.2001). We disagree with Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999), and as we did in Raford, certify direct conflict with it.
Even if the evidence in the present case had established a "typical spanking," the parental privilege to administer corporal punishment is an affirmative defense which is waived if not asserted. Appellant waived this defense because she failed to raise it at trial. Corsen v. State, 784 So.2d 535 (Fla. 5th DCA 2001).
Finally, we hold that appellant has failed to demonstrate reversible error in her third and fourth points on appeal. The trial court did not err when it denied appellant's motion for judgment of acquittal and the record contains sufficient circumstantial *437 evidence that the victim was a child less than eighteen years of age.
Accordingly, we affirm.
AFFIRMED.
DELL, TAYLOR, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.