889 So.2d 862 (2004)
Devonta Lequan SMALL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-771.
District Court of Appeal of Florida, First District.
November 30, 2004.
Rehearing Denied January 4, 2005.
*863 Nancy A. Daniels, Public Defender; Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant seeks review of his conviction for aggravated battery on a pregnant victim, which is prohibited by section 784.045(1)(b), Florida Statutes (2003). He argues that the trial court should have (1) granted his motion for a judgment of acquittal because the evidence was legally insufficient to sustain a conviction; and (2) instructed the jury that, in order to convict appellant of the offense charged, it must find that the victim had, in fact, been pregnant. Our review of the record satisfies us that the evidence presented by the state was legally sufficient. Accordingly, we affirm the denial of appellant's motion for a judgment of acquittal without further discussion. However, because the trial court refused appellant's request for an instruction telling the jury they must find that the victim was pregnant, which was an essential element of the offense, we reverse, and remand for a new trial.
Appellant was charged with aggravated battery on a pregnant victim, in violation of section 784.045(1)(b), Florida Statutes (2003). That statute provides that "[a] person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." Accordingly, the essential elements of the offense include (1) that required to establish a simple battery  that the defendant either "[a]ctually and intentionally touche [d] or str[uck] another person" against the latter's will, or "[i]ntentionally cause[d] bodily harm to another person" (§ 784.03(1)(a), Fla. Stat. (2003))  plus (2) that the victim was pregnant at the time of the battery, and (3) that the defendant either knew or should have known at the time of the battery that the victim was pregnant.
Before the jury was charged at the conclusion of the case, appellant's lawyer requested that the trial court give a modified version of the standard jury instruction for the offense. Counsel requested that the *864 trial court insert in the standard instruction, as the second element of the offense, that the jury must find that the victim was, in fact, pregnant, and that it make what in the standard instruction was the second element, the third. The state objected, telling the trial court that the instruction was a standard one, and there was no reason to modify it. It said, further, that the standard instruction was "appropriate" and "always given," and "we're not the legislature here to change [it]." The trial court agreed with the state and denied appellant's request. It then gave the jury an instruction that tracked Florida Criminal Standard Jury Instruction 8.4. It told the jury:
To prove the crime of aggravated battery, the State must prove the following two elements beyond a reasonable doubt. The first element is a definition of battery.
One, [defendant] intentionally touch[ed] or struck [the victim] against her will or intentionally caused bodily harm to [the victim], and two, [defendant] in committing the battery knew or should have known that [the victim] was pregnant.
(Emphasis added.) This was error.
In Florida, the law is clearly to the effect that "[a] defendant has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence." Chicone v. State, 684 So.2d 736, 745 (Fla.1996) (citing Gerds v. State, 64 So.2d 915, 916 (Fla.1953)). It is equally clear from a reading of section 784.045(1)(b) that the instruction given by the trial court (which was based on the standard instruction) omitted altogether one element of the offense charged  that the victim was, in fact, pregnant at the time of the battery. The result was that the jury was likely to have believed that it need not decide that issue. This is particularly true in light of the fact that the instruction given, in its directions regarding what was identified as the second element, appears to presume that the victim was pregnant. In essence, the instruction given had the effect of directing a verdict against appellant on the second element  i.e., whether the victim was pregnant.
It is apparent from the record that the state led the trial court into this error by arguing that the standard instruction was "appropriate" and was "always given," and that there was no reason to modify it. We reiterate here what we said regarding the standard jury instructions in Young v. State, 753 So.2d 725, 728 (Fla. 1st DCA 2000):
In 1981, the supreme court said:
The Court recognizes that the initial determination of the applicable substantive law in each individual case should be made by the trial judge. Similarly, the Court recognizes that no approval of these instructions by the Court could relieve the trial judge of his responsibility under the law to charge the jury properly and correctly in each case as it comes before him.
[In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598 (Fla.1981)]. The court has consistently adhered to that position. E.g., Standard Jury Instructions in Criminal Cases, 723 So.2d 123, 123 (Fla.1998) (Adopting proposed amendments to the criminal standard jury instructions, the court said, "we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions"). We, too, have emphasized *865 that the standard "instructions are intended only as a guide, and can in no wise relieve the trial court of its responsibility to charge the jury correctly in each case." Steele v. State, 561 So.2d 638, 645 (Fla. 1st DCA 1990).
The state next argues that, assuming the failure to give a proper instruction which included all of the elements of the offense charged was error, it was harmless pursuant to the test established in State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)  i.e., that it is clear to the exclusion of all reasonable doubt that the error did not affect the jury's verdict. We find this argument perplexing. While the evidence was legally sufficient to support denial of appellant's motion for a judgment of acquittal, it was not what any objective observer would characterize as strong. The alleged victim did not testify, and much of the evidence came in because of exceptions to the hearsay rule. Certainly, we are unable to say to the exclusion of all reasonable doubt that the error did not affect the jury's verdict. We find more troubling, however, the fact that the state has failed to acknowledge the decision in Scott v. State, 808 So.2d 166, 170-71 (Fla.2002), in which our supreme court said that, "[s]ince the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to fail to do so especially when the omission is brought to the attention of the trial court by the defendant." We note, further, that even if appellant had not requested a proper instruction as he did, because the omitted element was disputed at trial, the failure to give a proper instruction would likely have qualified as fundamental error pursuant to the analysis in Reed v. State, 837 So.2d 366 (Fla.2002), and, therefore, would not have been "subject to harmless error review." Id. at 370.
We reverse appellant's conviction for aggravated battery on a pregnant victim, and remand for a new trial. In addition, we urge the Supreme Court Committee on Standard Jury Instructions in Criminal Cases to revisit its standard instruction 8.4 to the extent it relates to the offense of aggravated battery on a pregnant victim.
REVERSED and REMANDED, with directions.
WOLF, C.J. and HAWKES, J., concur.