656 So.2d 204 (1995)
Jerry SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-246.
District Court of Appeal of Florida, Fifth District.
May 19, 1995.
Rehearing Denied June 29, 1995.
Jerry A. Scott, Daytona Beach, pro se.
No appearance for appellee.
W. SHARP, Judge.
This is another successive and repetitive proceeding seeking collateral relief filed by a criminal defendant after conviction. Recently this court has been showered by a number of such cases. We realize these cases are generally handled by the appellant pro se, and that as such the appellant is not an attorney. However, Scott, the defendant in this case, is approaching an abuse of process and an exhaustion of this court's patience. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); Martin v. Garrison, 658 So.2d 1019 (Fla. 4th DCA 1995); Lowery v. Kaplan, 650 So.2d 114 (Fla. 4th DCA 1995).
Scott appeals the summary denial of his rule 3.850 motion for post conviction relief. He was convicted of aggravated battery and sentenced as an habitual offender to twenty-five years in prison. We affirmed his judgment and sentence in 1993. Scott v. State, 621 So.2d 1089 (Fla. 5th DCA 1993).
In 1994, Scott filed his first 3.850 motion alleging five claims for ineffective assistance of counsel. The trial court denied the motion, finding inter alia, the claims to be without merit. Scott appealed. We affirmed the trial court. Scott v. State, 644 So.2d 327 (Fla. 5th DCA 1994).
This is Scott's second appeal from a denial of a rule 3.850 motion. In this proceeding, Scott again claims ineffective assistance of trial counsel. The trial court ruled all claims were legally insufficient and Scott appealed.
The issues raised by Scott in this proceeding are in substance the same as those raised in his first 3.850 motion. As such, they are successive and must be denied. See Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994). Even if Scott's claims of ineffective assistance of trial counsel were different this time around, he would be barred from raising them on a piecemeal basis by filing successive motions. Jones v. State, 591 So.2d 911 (Fla. 1991).
We affirm the trial court's denial of Scott's motion for collateral relief.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.