679 So.2d 885 (1996)
Alonzo HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1536.
District Court of Appeal of Florida, Fifth District.
September 20, 1996.
*886 Alonzo Henry, Orlando, pro se.
No Appearance for Appellee.
W. SHARP, Judge.
This is Henry's second appeal from a denial of a Rule 3.850 motion, which raises essentially the same ineffective assistance of trial counsel argument raised in his first motion. In the order of the trial court which denied the first rule 3.850 motion, the judge wrote an extensive order explaining why Henry is not entitled to relief. The judge rebutted each of Henry's claims and attached pertinent parts of the record. This court affirmed without opinion. Henry v. State, 670 So.2d 963 (Fla. 5th DCA 1996).
Although the trial court did not grant Henry a hearing on his first 3.850 motion, it did consider his claims on the merits. Thus the second order denying the almost identical 3.850 motion was properly summarily denied by the trial court as being successive. Foster v. State, 614 So.2d 455 (Fla.), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Davis v. State, 589 So.2d 896 (Fla. 1991). A defendant is only entitled to one bite at the same apple.
Further, precedent establishes an additional reason to affirm denial of relief in this case. Henry pled nolo contendere, and waived his right to trial in three felony cases. His argument that his counsel was ineffective because he failed to further investigate the case is simply an insufficient attack on the plea bargain. See Stano v. State, 520 So.2d 278, 280 (Fla.1988) (by entering plea, defendant rendered further investigation by his counsel pointless). As the trial judge noted in the first order in the prior rule 3.850 motion, Henry was originally facing a maximum sentence in the three cases of ten years, thirty years, and life, if he had been sentenced as an habitual offender. His plea bargain resulted in one ten-year sentence and two eleven-year sentences, all to run concurrently. There are no allegations in this proceeding or the prior one which are sufficient to show Henry did not freely and voluntarily enter into these pleas.
AFFIRMED.
PETERSON, C.J., and COBB, J., concur.