680 So.2d 1101 (1996)
Johnnie JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2019.
District Court of Appeal of Florida, Fifth District.
October 11, 1996.
Johnnie B. Johnson, Avon Park, pro se.
No appearance for Appellee.
W. SHARP, Judge.
Johnson appeals from the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, as being successive. The various appellate filings and proceedings concerning Johnson's conviction and fifteen year sentence for trafficking in cocaine[1] fully justify the trial court's ruling.
Johnson was convicted on December 23, 1992. He took a direct appeal, in which his counsel argued the trial court erred in refusing to suppress evidence of cocaine found in Johnson's car. This court affirmed without opinion. Johnson v. State, 632 So.2d 712 (Fla. 5th DCA 1994).
After filing a motion to correct illegal sentence pursuant to Florida Rule of Civil Procedure 3.800, Johnson withdrew the motion and it was not ruled upon.
On April 5, 1994, Johnson filed his first rule 3.850 motion. In that pleading, he alleged illegal search and seizure, denied possessing the cocaine, and claimed he was discriminated against because of racial bias. The trial judge denied the motion on the merits. He ruled the defendant's arguments were either made during the direct appeal or should have been raised there. Johnson did not appeal the ruling.
On November 18, 1994, Johnson filed his first petition for habeas corpus, requesting a belated appeal. He claimed that appellate counsel had briefed only one issuethe propriety of the trial court's denial of his motion to suppresscontrary to his instructions. He asserted that other issues should have been addressed in the direct appeal: denial of his motion for new trial; failure to declare a mistrial during opening and closing arguments; sentencing errors; and erroneous jury instructions. He also argued appellate counsel should have argued objective entrapment. This court found none of these issues had merit and denied the petition. Johnson v. State, No. 94-2623 (Fla. 5th DCA Dec. 7, 1994), rev. dismissed, 650 So.2d 990 (Fla. 1995).
Johnson then filed a second petition for writ of habeas corpus in the federal court, raising anew the suppression issue and the legality of his sentence. The federal court denied relief on September 29, 1995.
On November 1, 1995, Johnson filed his third petition for writ of habeas corpus, in this court. He argued he was entitled to immediate release from prison because he had been illegally stopped. This court denied the petition, without opinion. Johnson v. State, No. 95-2822, Nov. 9, 1995. In that proceeding, Johnson was attempting to use the remedy of habeas corpus as a vehicle to obtain a "second appeal," since the suppression *1102 of evidence issue had been raised in the first appeal.
On March 12, 1996, Johnson filed this motion pursuant to rule 3.850. He argued trial counsel was ineffective in representing him at the motion to suppress hearing and at trial by denying him his right to testify. He also asserted he received an illegal sentence. The trial court denied the motion, specifically addressing Johnson's argument that the motion was not successive.
All of these issues either were raised in the direct appeal or should have been raised either in the direct appeal or in the other motions for collateral relief, or they have been raised and denied multiple times. As such, the motion is successive and should be procedurally barred. Foster v. State, 614 So.2d 455 (Fla.), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Davis v. State, 589 So.2d 896 (Fla.1991).
Johnson seems not to have heard our message that a defendant is entitled to but one "bite at the apple" or that "enough is enough." Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). See Leone v. State, 657 So.2d 26 (Fla. 5th DCA 1995); Scott v. State, 656 So.2d 204 (Fla. 5th DCA 1995); Johnson v. State, 652 So.2d 980 (Fla. 5th DCA 1995). Even Herman Melville had to come to an ending in Moby Dick.
Accordingly, we affirm the trial court's ruling that filing this motion constitutes an abuse of process. We further bar Johnson from filing any further pro se pleadings with this court concerning his conviction and sentence in this case.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] § 893.135(1)(b)1., Fla. Stat. (1991).