W. SHARP, Judge.
Pinkney has filed still a second petition for habeas corpus, claiming ineffective assistance of appellate counsel. It is successive and should be denied. We choose to write in order to forestall a further collateral attack by Pinkney on his convictions and habitual offender sentences for possession[1] and delivery of cocaine.[2] He received concurrent sentences of 25 years on the delivery conviction and 10 years on the possession conviction, so it is entirely foreseeable that Pinkney will have plenty of time to file more petitions.
The history of Pinkney’s appeal and collateral attacks are as follows. He was convicted and sentenced on November 12,1991. He argued in a direct appeal that the trial court erred in admitting a videotape of the crime, because it did not show the actual delivery of the cocaine and thus depended on the testimony of an undercover agent to prove the crimes, and that the trial court should not have proceeded in his absence, although the trial court found he had “freely and voluntarily absenced himself’ from the trial. This court PCA’d the appeal. Pinkney v. State, No. 91-2739, 609 So.2d 50 (Fla. 5th DCA Oct. 20, 1992).
In December of 1992, Pinkney filed a motion pursuant to Florida Rule of Criminal Procedure 3.800 to correct an illegal sentence. He argued he had been illegally adjudicated and sentenced as an habitual offender because the trial court failed to make findings as required by the statute and the presentence report did not meet the statutory requirements to support an habitual offender sentence. The trial court denied the motion and, on appeal, this court PCA’d the result. Pinkney v. State, No. 93-150, 619 So.2d 970 (Fla. 5th DCA Apr.20, 1993).
Pinkney filed his first petition for habeas corpus in April of 1996, claiming his appellate counsel was ineffective for failing to argue he was improperly habitualized because he committed his offenses within the window period from October 1, 1989 to May 2, 1991, during which the habitual felony offender statute was unconstitutional, due to the violation of the single-subject rule. This court denied his petition. Pinkney v. State, No. 96-995 (Fla. 5th DCA Apr. 19, 1996).
In a second collateral attack in 1996, Pink-ney filed an appeal pursuant to Florida Rule of Criminal Procedure 3.850, again challenging his habitualization and claiming an unconstitutional violation of the single-subject rule. This court affirmed the trial court’s summary denial of relief. See Pinkney v. State, 677 So.2d 851 (Fla. 5th DCA 1996).
In this, his third collateral attack filed in 1996 and his second petition for habeas corpus, Pinkney raises the same issues in a slightly different form. He argues his appellate counsel was ineffective for failing to raise the argument that because the videotape did not show the actual sale of the cocaine, the undercover agent’s testimony as *1184 well as a detective’s testimony had to be used to prove he was the person depicted in the video tape, which was “against the weight of the evidence” and was “an invasion of the provence [sic] of the jury.” To the extent he may have been seeking to raise new or additional arguments, Pinkney alleges no reason why he could not have pi'esented the new argument, vel non, in any of his previous motions or petitions, or in his direct appeal.
This petition clearly is an abuse of process. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); Leone v. State, 657 So.2d 26 (Fla. 5th DCA 1995); Scott v. State, 656 So.2d 204 (Fla. 5th DCA 1995); Johnson v. State, 652 So.2d 980 (Fla. 5th DCA 1995). This court has limited judicial resources and is facing a steady increase in its caseload. Our Clerk projects that in 1996 it will increase from 370 cases per judge to 414 cases per judge. Frivolous successive collateral attacks on criminal convictions and sentences unnecessarily burden the appellate process and cannot be tolerated. Accordingly, we prohibit Pinkney from filing any additional pro se pleadings with this court concerning his convictions and sentences in this criminal case. Such pleadings will be summarily rejected and returned by the Clerk of this court, absent further order by this court.
Petition for Writ of Habeas Corpus DENIED.
HARRIS and ANTOON, JJ., concur.

. § 893.13(6)(a), Fla. Stat. (1989).

. § 893.13(l)(a), Fla. Stat. (1989).