PER CURIAM.
Eneias appeals from a summary denial of his second motion filed pursuant to Florida Rule of Criminal Procedure 3.850, challenging his 1992 conviction for unlawful possession of a controlled substance. First he argues that his plea of guilty was involuntary because he was not informed he might be deported. Secondly he argues that his counsel was ineffective in misadvising him regarding the consequences of his plea.
The first claim is identical to the one raised in his first rule 3.850 motion filed with this court.[1] Thus, it is barred as successive. See Stroble v. State, 689 So.2d 1089 (Fla. 5th DCA 1997); Henry v. State, 679 So.2d 885 (Fla. 5th DCA), rev. denied, 686 So.2d 578 (Fla.1996).The ineffective assistance of counsel claim could or should have been raised in the first rule 3.850 proceeding. Thus it too is improper and successive. Jones v. State, 591 So.2d 911 (Fla.1991); Scott v. State, 656 So.2d 204 (Fla. 5th DCA 1995).
AFFIRMED.
W. SHARP, GOSHORN and THOMPSON, JJ., concur.

. Eneias v. State, 686 So.2d 600 (Fla. 5th DCA 1997).