W. SHARP, Judge.
The state appeals in a case where, after a jury verdict of guilty on two counts, possession of cocaine,[1] and purchasing cocaine,[2] the trial judge adjudicated the defendant, Houghtailing, guilty of purchasing cocaine and sentenced him for that crime, but failed to take any action concerning the possession count. Houghtailing cross-appeals various points, which we find have no merit. However, we find the trial court erred in taking no action with regard to the possession count and we remand for further proceedings.
In this case, the evidence disclosed that Houghtailing purchased a $10.00 piece of cocaine from Officer Diaz, an undercover officer working a reverse sting operation. Houghtailing’s vehicle was later stopped by a “take-down unit,” and the cocaine was found under the vehicle. He was charged with purchasing and possessing the rock of cocaine, and the jury found him guilty on both counts.
At sentencing, defense counsel argued his client could not be convicted of purchasing and possessing the same piece of cocaine under double jeopardy principles.[3] Rather than ruling on this question, the trial court simply adjudicated Houghtailing guilty of purchasing the cocaine and sentenced him for that crime. It took no further action regarding the possession count.
Florida Rule of Criminal procedure 3.670 provides:
*164 If the defendant is found guilty, a judgment of guilty and, if the defendant has been acquitted, a judgment of not guilty shall be rendered in open court and in writing, signed by the judge, filed and recorded.
Under this rule the trial court must adjudicate and sentence a defendant convicted of a crime, or in an appropriate case, adjudicate the defendant not guilty because of lack of sufficient evidence to convict, double jeopardy, or other legally sufficient reason. It cannot simply refuse to act.
In this case, the trial court may have been attempting to avoid a double jeopardy problem. We note that at one time in this state our supreme court ruled that a defendant could not be convicted of selling and possessing the same quantum of contraband.[4] However, after the amendment to section 775.021(4), Fla. Stat. (1987), the Court held that double jeopardy does not prevent conviction and sentence for both crimes. In State v. McCloud, 577 So.2d 939 (Fla.1991), the court upheld a dual conviction for possession and sale of the same quantum of cocaine.
Further, in State v. Smith, 547 So.2d 613 (Fla.1989), the court held that double jeopardy did not prevent the convictions and sentences for the crimes of sale of one rock of cocaine and possession with intent to sell that same rock. In this case, the crimes are different, but the logic of Smith and McCloud is controlling. The defendant purchased one rock of cocaine and drove off with it in his car. When stopped later by the police, he was still in possession of the same rock. Section 893.13(2)(a)l and 893.13(6)(a) make possession of a controlled substance, and its purchase separate crimes. Those sections provide:
Except as authorized by this chapter and chapter 499, it is unlawful for any person to purchase, or possess with intent to purchase, a controlled substance....
§ 893.13(2)(a).
* * * * * *
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription. ...
§ 893.13(6)(a).
Accordingly, we remand this cause to the trial court for the purpose of rendering an order with regard to the possession count. If it is appropriate to adjudicate Houghtail-ing not guilty, it may do so; if not, it must adjudicate and sentence him for that crime. We do not think it necessary at this point to mandamus entry of an appropriate sentencing order, see Woodland v. Lindsey, 586 So.2d 1255, 1256 (Fla. 4th DCA 1991), as we are certain the trial judge will competently carry out his judicial duties.
AFFIRMED in part; REMAND for further proceedings.
GRIFFIN, C.J., and DAUKSCH, J„ concur.

. § 893.13(6)(a), Fla. Stat. (1995).

. § 893.13(2)(a), Fla. Stat. (1995).

.U.S. Const. 5th Amend; Art. I, § 9, Fla. Stat.

. See State v. Burton, 555 So.2d 1210 (Fla.1989); 547 So.2d 613 (Fla.1989); Carawan v. State, 515 So.2d 161 (Fla.1987).