729 So.2d 955 (1998)
Bobby Dale ADKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-2627.
District Court of Appeal of Florida, Fifth District.
December 23, 1998.
Bobby Dale Adkins, Raiford, pro se.
No Appearance for Respondent.
W. SHARP, J.
Adkins has filed a second petition for habeas corpus with this court, again seeking a belated appeal. He raises the same issue he has argued in numerous prior proceedings: that the trial court should have granted his motion for judgment of acquittal rather than allowing the case to be reopened in order to prove the victim's age in a child-sexual battery case. We deny this writ.
Adkins was tried and convicted in 1994 of sexual battery of a child under twelve years of age.[1] This court affirmed his convictions,[2] but remanded to correct his sentence. Ultimately Adkins was sentenced to life with a 25-year minimum mandatory term. No additional appeal was taken.
A history of the post-conviction filings explains our action in this cause. Adkins filed his first motion pursuant to Florida Rule of Criminal Procedure 3.850 in 1995, arguing (among other grounds) the trial court erred in not granting his motion for judgment of acquittal, and in letting the state reopen its case. We affirmed the trial court's summary denial. Adkins v. State, 671 So.2d 799 (Fla. 5th DCA 1996). He then filed a petition for *956 writ of habeas corpus in the United States District Court, Middle District of Florida, raising the same issue and claiming it constituted fundamental error. It was denied on December 16, 1997.
Adkins filed his first petition for writ of habeas corpus in this court, arguing his appellate counsel was ineffective for failing to raise three issues, one of which was not arguing on appeal that the trial court erred in not granting the defendants' motion for judgment of acquittal, and in letting the state reopen its case. We denied the petition. Adkins v. State, No. 98-147 (unpublished order). He also moved for rehearing and clarification, which we also denied.
Adkins then filed another rule 3.850 motion and again argued the trial court committed error in not granting his motion for judgment of acquittal and in letting the state reopen its case. The trial court denied the motion and this court summarily affirmed. Adkins v. State 719 So.2d 301 (Fla. 5th DCA 1998).
One month later, this petition for habeas corpus was filed. Adkins again argues that fundamental error occurred when the trial court denied defense counsel's motion for judgment of acquittal and allowed the state to reopen its case to establish the victim's age. Defendant alleges appellate counsel failed to raise this issue in his brief.
This is at least the fifth time this very issue has been raised. First, it has no merit. A trial judge has the discretion to allow a party to reopen its case. See Pitts v. State, 185 So.2d 164 (Fla.1966) (ordinarily the question of allowing the reopening of cases is one involving sound judicial discretion which will rarely be interfered with at the appellate level), vacated in part on other grounds, 408 U.S. 941, 92 S.Ct. 2856, 33 L.Ed.2d 765 (1972). That is no doubt why Adkins received no relief when he timely asserted it before.
Second, this claim is improper because it is very successive.[3] Adkins's situation is also governed by the Criminal Appeal Reform Act of 1996, Ch. 96-248. Section 924.051(8), Florida Statutes, which provides that the Legislature intends that the terms and conditions of collateral review and procedural bars to collateral review be strictly enforced. See O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA 1997); Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA 1996).
Finally, we call to Adkins' attention, amended section 944.28(2)(a), effective July 1, 1996, which provides that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal in any court is subject to having all or any part of his or her gain time forfeited. See Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998); Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997) Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997); Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997). The filing of this petition was clearly improper and frivolous. We warn Adkins that should he persist in filing new collateral challenges to his conviction, raising the same issue or ones foreclosed by prior proceedings, he may lose gain time and risk imposition of other sanctions.
Petition for Writ of Habeas Corpus DENIED.
GRIFFIN, C.J., and HARRIS, J., concur.
NOTES
[1] § 794.011(2)(a), Fla. Stat. (1993).
[2] Adkins v. State, 649 So.2d 345 (Fla. 5th DCA), rev. denied, 659 So.2d 270 (Fla.1995).
[3] See Johnson v. State, 680 So.2d 1101 (Fla. 5th DCA 1996); Leone v. State, 657 So.2d 26 (Fla. 5th DCA 1995); Scott v. State, 656 So.2d 204 (Fla. 5th DCA 1995).