ON MOTION FOR REHEARING GRANTED

SHEPHERD, J.
We grant the motion for rehearing filed in this case by the State, withdraw our previous opinion and substitute the following in its place.
The State appeals a circuit court order granting the defendant, Jean Surin’s, motion for judgment of partial acquittal on the ground that the State failed to prove defendant’s age at trial. We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.030(b)(1)(A); 9.140(c)(1)(E). *1164 Because we are satisfied that there was sufficient circumstantial evidence of defendant’s age, we reverse the order of the trial court.
I. Factual Background
Defendant was charged with two counts of sexual battery of a person under twelve years of age by a person eighteen years of age or older, in violation of section 794.011(2)(a) of the Florida Statutes. Under this section of the statute, the State must prove that the defendant was 18 years of age or older at the time of the commission of the crime in order to obtain a conviction. Baker v. State, 604 So.2d 1289 (Fla. 3d DCA 1992). The jury returned a guilty verdict on both counts. Because the State failed to introduce direct evidence of the defendant’s age during the trial, the defendant filed a motion for a new trial after the verdict was received on the ground that the jury finding regarding defendant’s age was contrary to the weight of the evidence. The State opposed the motion on the ground that there was sufficient circumstantial evidence of defendant’s age to support the verdict. The trial court treated the motion as a motion for partial judgment of acquittal and granted the motion. Finding that the State did not introduce sufficient evidence to prove that defendant was eighteen years of age or older at the time of the crime, the trial court entered a judgment of conviction on each count under section 794.011(2)(b) of the Florida Statutes, a lesser-included offense that does not require the defendant to be at least eighteen years old. We review this decision of the trial court under a de novo standard. Johnston v. State, 863 So.2d 271, 283 (Fla.2003)(“In reviewing a motion for judgment of acquittal, a de novo standard applies.”); Pollen v. State, 834 So.2d 380, 383 (Fla. 3d DCA 2003)(If a “rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt,” then a guilty verdict should not be disturbed).
II. Discussion
Neither the briefs of the parties nor our research has revealed any case law confirming that circumstantial evidence of a defendant’s age may be offered to prove this element of the crime of sexual battery on a person under the age of twelve years pursuant to section 794.011(2)(a) of the Florida Statutes. However, the Florida Supreme Court has long accepted that the State may prove an essential element of an offense through circumstantial evidence, State v. Castillo, 877 So.2d 690, 693 (Fla.2004); Moorman v. State, 157 Fla. 267, 269, 25 So.2d 563, 564 (1946)(“It is too well settled to' require citation of authorities that any material fact may be proved by circumstantial evidence, as well as by direct evidence.”), and one Florida court has affirmed a conviction where the age of the victim — an essential element of the crime of child abuse — was proven by circumstantial evidence alone. Brown v. State, 802 So.2d 434, 436-37 (Fla. 4th DCA 2001). If the age of a victim can be proven by circumstantial evidence, we see no reason why proof of the age of the defendant should be subject to a more exacting standard. See Hadley v. Arkansas, 322 Ark. 472, 910 S.W.2d 675, 677 (1995)(permitting circumstantial evidence of age in a case of rape and incest); Louisiana v. Zeringue, 862 So.2d 186, 192-93 (La.Ct.App.2003)(permitting circumstantial evidence of age in a case of carnal knowledge); Commonwealth v. Miller, 441 Pa.Super. 320, 657 A.2d 946, 947 (1995)(permitting circumstantial evidence of age in a case of corruption of minors); Houston v. Alabama, 565 So.2d 1263, 1264 (Ala.Crim.App.1990)(permitting circumstantial evidence of age in a case of felony sexual abuse). We therefore conclude that the State can meet its burden of proof of defendant’s age through the use of circumstantial evidence in a sexual battery case.
*1165 We also find that the circumstantial evidence presented in this case was sufficient to support the jury’s verdict that the defendant was eighteen years of age or older at the time of the offense. First, and most notably, the jury had the opportunity to observe defendant throughout the trial.[1] Second, there was evidence that defendant married the victim’s mother in 1993. Third, there was evidence that he cared for his wife’s children (including the victim) while she was at work. Fourth, the victim repeatedly referred to defendant as “daddy.” Fifth, there was evidence that defendant was old enough to enter the country without his parents or any other family members. Sixth, defendant’s wife referred to him as an adult during her testimony. We believe that this combination of the ability of the jury to observe the defendant throughout the trial taken together with the other circumstantial evidence offered was sufficient. Zeringue, 862 So.2d at 193 (“[J]ury observation and circumstantial evidence can be used to infer the age of a defendant when no direct evidence of the defendant’s age is presented.”)(internal quotations omitted); see also Rose v. State, 425 So.2d 521, 523 (Fla.1982)(holding that where there is substantial, competent evidence to support a jury verdict, the verdict will not be disturbed on appeal).
For the foregoing reasons, we reverse the order granting a partial judgment of acquittal with directions that judgment be entered on the basis of the verdict rendered by the jury.
Reversed.

. The trial of this case occurred in July, 2002. Defendant was thirty-six years old at the time of trial. The offense occurred in November 1994, seven-and-one-half years earlier. Surin was approximately twenty-nine years old at that time.