CORTINAS, J.
The State of Florida (“State”) seeks review of a trial court order granting a motion by appellee, S.R. (“Defendant”), to suppress physical evidence. We reverse.
*222 Defendant was a middle-school student who brought a firearm to school. One of Defendant’s fellow students informed a school security guard that Defendant was armed. The security guard then relayed this tip to the school’s resource officer. The officer patted-down Defendant and discovered a firearm in one of Defendant’s pockets. Defendant moved to suppress the firearm as the fruit of an illegal search and seizure. Defendant’s Motion to Suppress and the suppression hearing focused on whether the officer sufficiently investigated the tip to justify the pat-down.
During the suppression hearing, the only witnesses were the officer, who conducted the pat-down and discovered the gun, and the Defendant. The security guard who received the tip did not testify, but was available outside the courtroom. After the close of evidence, the judge, for the first time, posited that the tip may have been stale. Reacting to the judge’s concern, the State requested to call the security guard as a witness. Although the security guard was already sworn in and standing just outside the courtroom, the judge denied the State’s request. The judge then granted Defendant’s Motion to Suppress because the record lacked facts sufficient to prove the timelines of the tip.
The decision whether to reopen a case and hear additional testimony is ordinarily within the discretion of a trial court. See Adkins v. State, 729 So.2d 955, 956 (Fla. 5th DCA 1998). The trial court’s discretion, however, is not absolute. More than 150 years ago, the Florida Supreme Court recognized that a trial court abuses its discretion when it elevates form over substance.
When the Judge perceives that in consequence of the inadvertanee [sic] of counsel or other cause, the rigid enforcement of the rules would defeat the great object for which they were established, it is his [or her] duty so to relax them (when it can be done without injustice to any) as to make them subserve their true purpose, which is to aid the court and the parties before it in determining and adjusting their respective rights.
Barber v. State, 5 Fla. 199 (Fla.1853).
The security guard’s testimony was material and readily available. Not only was the witness standing outside the courtroom, but the State, as an alternative to live testimony, offered prior deposition testimony, which the judge also rejected. We agree with the trial court that the testimony of the security guard would have aided in its ruling. However, we disagree with its conclusion that the State’s inadvertence should blind the court to the facts standing outside its door, especially where the tip’s timeliness was not challenged by the Defendant or addressed by the court until closing arguments.
Moreover, we find that the State had good reason for its belated request to call the security guard as a witness. Until the judge questioned the timeliness of the tip in closing arguments, the State was not aware that it was in doubt. In an analogous case, the Fourth District held as we do today. State v. Laveroni, 910 So.2d 333, 335 (Fla. 4th DCA 2005). Laveroni involved a motion to suppress drugs obtained as a result of a canine sniff. Id. at 334. During testimony, the defendant’s only argument for suppression was that there had been an unreasonable delay between the stop and the arrival of the canine. Id. After the parties rested, the court raised the issue of whether there was testimony as to the dog’s qualifications. Id. at 335. At that point, the State asked to call more witnesses to testify to the qualifications of the dog, but the trial court refused and granted the motion to suppress. Id. The Laveroni court held that because the State was first put on *223 notice of the qualification issue when the judge raised it during closing arguments, the State’s request to call additional witnesses should have been granted and, accordingly, reversed the suppression order. Id. at 386.
In the instant case, the State first learned that the tip’s timeliness was at issue when the judge inquired about it during closing arguments. The security guard’s testimony was material to the adjudication of the parties’ rights and would have neither prejudiced defendant nor delayed the administration of justice. Essentially, the trial court caused the record to be incomplete and then, in its ruling, complained of an incomplete record. Given these facts, we hold that the trial court abused its discretion by denying the State’s request to reopen the case and call the security guard as a witness.
Reversed and remanded.