16 So.3d 269 (2009)
Edwin MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2603.
District Court of Appeal of Florida, Fifth District.
August 21, 2009.
James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Edwin Murphy, Malone, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
In this Anders[1] appeal, Edwin Murphy's pro se brief raises one meritorious issue. Following a trial, Murphy was convicted of attempted sexual battery and lewd or lascivious molestation. At his sentencing hearing, Murphy sought dismissal of one of the two convictions on double jeopardy grounds. The trial judge, while conceding that a double jeopardy issue might exist, declined to rule on Murphy's motion. Instead, the court adjudicated Murphy guilty of lewd or lascivious molestation and sentenced him to prison, while taking no action on the attempted sexual battery charge. The State concedes this was error.
A trial court must adjudicate and sentence a defendant convicted of a crime, or in an appropriate case, adjudicate the defendant not guilty due to a lack of sufficient evidence to convict, double jeopardy, or any other legally sufficient reason. The trial court may not simply refuse to act. State v. Houghtailing, 704 So.2d 163, 164 (Fla. 5th DCA 1997). Accordingly, we remand this matter to the trial court for the purpose of rendering an order with regard to the attempted sexual battery charge. If it is appropriate to adjudicate Murphy not guilty of that charge, it may do so. If not, it must adjudicate and sentence him for that crime.
REVERSED AND REMANDED.
COHEN, J., concurs.
GRIFFIN, J., concurs and concurs specially, with opinion.
GRIFFIN, J., concurring and concurring specially.
The trial court appeared to be uncertain about the double jeopardy issue in this case, which was understandable given the uncertain state of the law. Since this case was decided, however, the Florida Supreme Court issued its decision in State v. Meshell, 2 So.3d 132 (Fla.2009), which may inform the trial court's decision on remand.
In this case, count one charged capital sexual battery, alleging that defendant's penis had union with the victim's vagina. Defendant was found guilty of attempted sexual battery, which means that defendant did some act in furtherance of the charged offense but failed to complete it. See § 777.04(1), Fla. Stat. (2008). Count three, which charged lewd or lascivious molestation of the same victim, alleged that defendant intentionally touched her genitals or the clothing covering her genitals. Unlike count one, count three did not *270 allege that defendant used his penis, but alleged a lewd touching.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).