NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JATHNIEL JORDAN McMICHAEL,          )
DOC # R67055,                       )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D10-4340
                                    )
STATE OF FLORIDA,                   )
                                    )
          Appellee.                 )
_____)

Opinion filed December 12, 2014.

Appeal from the Circuit Court for Pasco
County; Pat Siracusa, Judge.

Charles A. Green, Jr. of Law Offices of
Charles A. Green, Jr., P.A., Tampa, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


DAVIS, Chief Judge.

          Jathniel Jordan McMichael challenges his convictions and sentences for

home invasion robbery, sexual battery, and battery on a person sixty-five years of age

or older.  We affirm his convictions and consecutive thirty-year prison sentences for

home invasion robbery and sexual battery without further comment. We reverse only the reclassification of the battery conviction based on the victim's age and the resulting five-year sentence.

The State correctly concedes that no evidence was introduced at trial to show the victim was at least sixty-five years of age at the time of the battery, a required statutory element that must be established in order to enhance a misdemeanor battery to a third-degree felony pursuant to section 784.08(2)(c), Florida Statutes (2006). Cf. Cochran v. State, 622 So. 2d 166, 167 (Fla. 2d DCA 1993) (reversing a conviction under an earlier version of section 784.08(2)(b) for aggravated battery on a person sixty-five years of age or older where the State failed to prove that the defendant knew of the victim's age and noting that the legislature subsequently amended the statute in 1992 to remove the knowledge requirement, thereby leaving only the requirement that the State show the victim was over the requisite age for the statutory enhancement to apply).

We note that the State may rely on circumstantial evidence such as the testifying victim's appearance, cf. Smith v. State, 650 So. 2d 689, 691 (Fla. 3d DCA 1995), or evidence of dates of marriage or ages of children from which an inference of age would necessarily follow, cf. State v. Surin, 920 So. 2d 1162, 1164-65 (Fla. 3d DCA 2006), to establish the victim's age for the purposes of the reclassification statute. However, the instant record is silent on the existence of similarly sufficient circumstantial evidence in this case because, as the State candidly concedes, the trial court relied on the mistaken belief that the victim testified about her age in denying the motion for judgment of acquittal on this issue. We therefore reverse the conviction for

battery on a person sixty-five years of age or older and remand for the entry of a judgment that instead reflects a conviction for the offense of simple battery.  The trial court should also resentence McMichael based on the amended conviction.

Affirmed in part, reversed in part, and remanded.

LaROSE and MORRIS, JJ., Concur.