DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NETRIEVAE WHITE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4674

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 13-005543CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

One of the most basic tenets of criminal law is that "the state must produce evidence of all the essential elements of the crime charged and persuade the factfinder of the defendant's guilt beyond a reasonable doubt." *State v. Rolle*, 560 So. 2d 1154, 1158 (Fla. 1990) (Barkett, J., concurring); *see also Licata v. State*, 88 So. 621, 622 (Fla. 1921). In this case, the State failed to offer testimonial or documentary evidence of the defendant's age in a sexual battery prosecution. Therefore, we reverse the convictions and remand for the entry of judgments of conviction for the only lesser included offense presented to the jury, which did not require proof of the defendant's age.

Netrievae White was convicted of two counts of sexual battery of a minor by someone over the age of 18 against a person under 12. This crime is defined as: "[a] person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony." § 794.011(2)(a), Fla. Stat. (2013). "[T]he age of the defendant is an element

of capital sexual battery under section 794.011(2)." *Glover v. State*, 863 So. 2d 236, 238 (Fla. 2003).[1]

The state failed to present any evidence of White's age other than the jury's ability to observe him during the trial. From the complaint affidavit filed to support the arrest, which was not introduced into evidence at trial, it appears that White was 20 years old at the time of his arrest. The capias lists White's date of birth as February 3, 1991; the criminal incident occurred on April 15, 2011.

After the verdict, the court asked the defense attorney to file a written motion for judgment of acquittal; there was some discussion about vacations and the trial judge indicated that he would be flexible about the timing of the renewed motion for judgment of acquittal. At a later hearing on the motion, White's lawyer raised for the first time that the state had failed to prove he was 18. Over the state's objection that the motion on that ground was untimely, the trial court denied the motion on the merits.

It seems unfair that such a technical ground for a judgment of acquittal can be raised for the first time in a post-trial motion, when it is too late for the state to reopen its case. *See Adkins v. State*, 729 So. 2d 955, 956 (Fla. 5th DCA 1998) (holding that a trial judge had the discretion to let the state reopen its case to prove the age of a child sexual battery victim). However, the Supreme Court has squarely held that a ground for a judgment of acquittal may be asserted for the first time in a post-trial motion, pursuant to Florida Rule of Criminal Procedure 3.380(c). *State v. Stevens*, 694 So. 2d 731, 733 (Fla. 1997). Rule 3.380(c) states that a motion for judgment of acquittal may be renewed within 10 days after a jury returns a guilty verdict "or such further time as the court may allow." Fla. R. Crim. P. 3.380(c). Here, the trial court tacitly allowed the extension of time to file the motion and ruled on the merits, instead of dismissing the motion as untimely. *See Hill v. State*, 839 So. 2d 865, 866 (Fla. 4th DCA 2003) (stating that an untimely motion for new trial leaves the court "without jurisdiction to consider the motion").

The state contends that the jury's opportunity to view the defendant provided the circumstantial evidence that he was over 18 and relies heavily on *State v. Surin*, 920 So. 2d 1162 (Fla. 3d DCA 2006). However, *Surin*

---

[1]The jury instructions for the crime charged in this case state that the following three elements must be proven beyond a reasonable doubt: (1) Victim was less than 12 years of age; (2) Defendant committed an act upon or with the victim in which the defendant's sexual organ penetrated or had union with the victim's sexual organ or anus; and (3) Defendant was 18 years of age or older. Fla. Std. Jury Instr. (Crim.) 11.1.

involved more extensive circumstantial evidence and a 36-year-old defendant, so it does not control here.

In *Surin*, the jury found the defendant guilty and he filed a motion for new trial on the ground that the jury's finding him over 18 was contrary to the weight of the evidence. *Id.* at 1164. The state argued that there was sufficient circumstantial evidence of the defendant's age to support the verdict. *Id.* Treating the motion as a partial judgment of acquittal, the trial court granted the motion. *Id.* The trial court entered judgments of conviction under "section 794.011(2)(b) of the Florida Statutes," a lesser-included offense that did not require proof of age.[2] *Id.*

The third district could find no case holding that circumstantial evidence was sufficient to prove a defendant's age in a sexual battery prosecution, but noted, "the Florida Supreme Court has long accepted that the State may prove an essential element of an offense through circumstantial evidence." *Id.* at 1164 (citation omitted). The court cited to *Brown v. State*, 802 So. 2d 434, 436–37 (Fla. 4th DCA 2001), where we affirmed the denial of a motion for judgment of acquittal in a child abuse case because the record contained "sufficient circumstantial evidence that the victim was a child less than eighteen years of age." *Id.*

*Surin* held that there was sufficient circumstantial evidence that the defendant was over 18, pointing to: (1) "most notably," the jury's opportunity to observe him throughout the trial; (2) evidence of the year that the defendant married the victim's mother; (3) that he cared for her children; (4) the victim referred to the defendant as "daddy;" (5) the defendant was old enough to enter the country without parents or other family members; and (6) the defendant's wife referred to him as an adult throughout her testimony. *Id.* at 1165. The court concluded that the combination of this evidence was sufficient for the jury to find the defendant was over the age of 18. *Id.*; *but see McMichael v. State*, 152 So. 3d 821, 822 (Fla. 2d DCA 2014) (distinguishing *Surin* where the state had to prove the victim was 65 or over, noting the state brought no evidence of age and the record was devoid of additional circumstantial evidence; therefore the conviction was reversed).

*Surin* involved weightier circumstantial evidence than is present in this case, where the primary evidence was the defendant's appearance at trial. Here, the circumstantial evidence fails to exclude the reasonable hypothesis of innocence that White was under 18. *See State v. Law*, 559

---

[2]In this case, section 794.011(2)(b), Florida Statutes (2012) was not submitted to the jury as a lesser included offense; the only lesser included offense on which the jury was charged was misdemeanor battery.

So. 2d 187, 188 (Fla. 1989). First, unlike the *Surin* defendant who was 36 at the time of trial and 29 at the time of his crime, White was just 20 at the time of the crime, only two years over the age 18 element of the crime charged. Although the victim's mother testified that she was 28 and grew up with White, this testimony does not rule out an age gap.

For these reasons, we reverse the two sexual battery convictions and remand to the circuit court with directions to enter judgments for the only lesser included offense submitted to the jury and for resentencing. We find no other trial error in the case, but we direct the circuit court to enter a judgment of acquittal as to Count I, consistent with the court's ruling at trial. *See State v. Houghtailing*, 704 So. 2d 163 (Fla. 5th DCA 1997); *Murphy v. State*, 16 So. 3d 269 (Fla. 5th DCA 2009).

*Affirmed in part, reversed in part, and remanded.*

GROSS, GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

- 4 -