DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLARENCE TERRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4219

[July 12, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-2014-CF-001037-AXXX-MB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuna, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his convictions for thirteen counts of violating section 794.05(1), Florida Statutes (2014), which makes it unlawful for a person twenty-four years of age or older to engage in sexual activity with a person sixteen or seventeen years of age. Appellant claims a birth certificate with his same name was insufficient to prove he was twenty-four years of age or older because the state did not link the birth certificate to him and further claims the birth certificate by itself was insufficient evidence to prove his age. Appellant also claims that the late disclosure of the birth certificate procedurally prejudiced his defense.

We find that the trial court properly admitted the birth certificate as a self-authenticating public record and that the birth certificate, combined with jury's ability to observe appellant as well as other circumstantial evidence, was sufficient to prove appellant's age. We further find that appellant was not procedurally prejudiced because appellant's defense did not concern his date of birth, and appellant's date of birth was not new or

undisclosed information.  As such, we affirm.

Appellant was charged with thirteen counts of unlawful sexual activity with a minor.  Before trial, appellant moved in limine to exclude prior felony convictions that occurred thirty-seven years earlier in 1978.  The trial court denied the motion at the beginning of the three-day trial, which commenced on March 30, 2015.  During opening statements, appellant argued that the victim was not credible.

Testimony during trial revealed that the victim met appellant six years earlier when appellant had worked for the victim's grandparents.  Appellant helped the victim's family move.  During the move and over the next few weeks, appellant and the sixteen-year-old victim engaged in sexual relations at appellant's house.

During the testimony of a detective, the state asked for appellant's date of birth.  The detective sought to refresh his recollection with his report, and defense counsel objected based on hearsay.  During a proffer, the detective testified that he obtained appellant's date of birth from appellant's driver's license, a criminal history report, or appellant himself.  Because of hearsay concerns, the state sought to introduce a copy of appellant's birth certificate.  Defense counsel requested a *Richardson*[1] hearing and argued that there was no evidence linking the birth certificate to appellant.

After conducting a *Richardson* hearing, the trial court found no procedural prejudice because appellant's defense did not concern appellant's date of birth but rather focused on the victim's credibility.  The trial court also found that the defense's strategy or trial preparation would not have been materially different if the birth certificate had been listed.  The trial court further found that the issue of "linkage" between appellant and the birth certificate went to its weight, not its admissibility.  Over appellant's objection, the state then introduced a certified copy of appellant's birth certificate, listing his date of birth as September 2, 1956.

After the state rested, defense counsel moved for a judgment of acquittal, arguing that the birth certificate was insufficient to establish appellant was twenty-four years of age or older, which was an essential element of the crime.  The trial court denied the motion.  The jury found appellant guilty as charged.

The de novo standard of review applies in reviewing the denial of a

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

motion for judgment of acquittal. *Pagan v. State*, 830 So. 2d 792 (Fla. 2002). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Id.* at 803.

Appellant argues a judgment of acquittal was required because the state failed to prove his age. *State v. Surin*, 920 So. 2d 1162 (Fla. 3d DCA 2006), is instructive. In *Surin*, the Third District found sufficient circumstantial evidence of the defendant's age to convict him of sexual battery of a person under twelve years of age by a person eighteen years of age or older. "First, and most notably, the jury had the opportunity to observe defendant throughout the trial." *Id.* at 1165. Additionally, there was evidence that the defendant married the victim's mother in 1993, the defendant cared for his wife's children and the victim, the victim referred to the defendant as "daddy," the defendant was old enough to enter the country without his parents or family, and the defendant's wife referred to him as an adult during her testimony. The Third District concluded that "this combination of the ability of the jury to observe the defendant throughout the trial taken together with the other circumstantial evidence offered was sufficient." *Id.*

Similarly, in the instant case the jury had the opportunity to observe appellant during the three-day trial. Appellant was fifty-eight years old at the time of trial and fifty-seven years old at the time of the crimes. Thus, it would have been reasonable for a jury to infer from appellant's appearance that he was well over the age of twenty-four at the time of the crimes. Additionally, the state introduced a certified copy of a birth certificate which showed appellant's date of birth. There was also evidence that the victim met appellant six years earlier when he worked for her grandparents; it was implied that appellant had a house; appellant told the victim's mother that he wanted to be an "uncle figure" to the victim; it was implied appellant had a daughter when he referred to his "little girl" during a controlled phone call; and the victim testified that after appellant was in jail, she learned appellant was "interested" in her mother. Like in *Surin*, this circumstantial evidence, combined with the jury's ability to observe appellant during trial, was sufficient.

Additionally, the trial court correctly determined that the lack of evidence linking the birth certificate to appellant went to the weight of the evidence, not its admissibility. A birth certificate, as a certified copy of an official public record, is self-authenticating under section 90.902(4), Florida Statutes, and needs no additional foundation other than what is required for a valid certification in that subsection. *Moncus v. State*, 69

So. 3d 341, 343 (Fla. 4th DCA 2011). *See also Ordonez v. State*, 862 So. 2d 927, 931 (Fla. 2d DCA 2004) ("State's arguments concerning the name on the birth certificate and the origins of that certificate go to the weight to be given the document rather than its admissibility."); *United States v. Deverso*, 518 F.3d 1250, 1256 (11th Cir. 2008) (stating that defendant's challenge to the reliability of information contained in victim's birth certificate goes to the weight of the evidence, not its admissibility).

Appellant also argues the trial court abused its discretion in finding he was not procedurally prejudiced by the late disclosure of the birth certificate. We find the trial court did not abuse its discretion in finding that appellant was not procedurally prejudiced. The defense's theory was that the victim was not credible. Additionally, the discovery provided to the defense, including the detective's report, indicated that appellant's date of birth was September 2, 1956. Appellant's date of birth was not new or undisclosed information. *See Snelgrove v. State*, 921 So. 2d 560, 568, 568 n.15 (Fla. 2005) (no prejudice in failing to suppress a letter already known to the defendant); *Craig v. State*, 585 So. 2d 278, 281 (Fla. 1991) (finding no error in admitting testimony from an undisclosed officer where defendant had been provided with a copy of the officer's report and was aware of the content of his testimony). Further, appellant's own court filings indicated he had felony convictions older than the age threshold of twenty-four years. Specifically, appellant sought to exclude prior felony convictions that occurred thirty-seven years earlier in 1978. Finally, the state did not rely solely on appellant's birth certificate to establish his age at the time of the crimes.

In sum, we find the trial court did not err in denying the motion for judgment of acquittal and in finding no procedural prejudice to the defense. As such, we affirm.

*Affirmed.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4