DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK J. DEDOMINICIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-596

[March 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Larry Schack, Judge; L.T. Case No. 312016CF001001A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his conviction for lewd or lascivious exhibition in the presence of a victim who is less than sixteen years of age, in violation of section 800.04(7)(b), Florida Statutes (2016). The defendant argues the trial court erred in denying his motion for judgment of acquittal for two reasons: (1) the state failed to present competent substantial evidence of lewd and lascivious exhibition; and (2) the state failed to present competent substantial evidence that the defendant was eighteen years of age or older when the offense occurred.

We affirm on the first argument without discussion. We also affirm on the second argument, and write to explain our reasoning.

Our opinion is presented in four parts:
1. The trial evidence;
2. The defendant's motion for judgment of acquittal;
3. Closing arguments; and
4. Our review.

## 1. *The Trial Evidence*

The ten-year-old child victim was with her mother, shopping at a large retail store.  The defendant, standing ten to twelve feet away, exposed his penis to the child.  The child told her mother.  The mother yelled at the defendant.  The defendant began walking away, but briefly turned his face back towards the mother.  The mother was able to see the defendant's face.  The mother lost sight of the defendant, but she assumed he was going toward the exit.  The mother's assumption was correct, as she saw the defendant exiting the store.  After the defendant got in his car and began driving away, the mother took down the defendant's license plate number.

The defendant was arrested and brought to trial.  In the jury's presence, the state and the mother briefly discussed the defendant's age.  The state asked, "Did you form an opinion as to whether [the defendant] was over 18 years of age?"  The mother responded that the defendant "was an older man."  The state followed up, "And that he was a little over 18 or much over 18?"  The mother responded, "Much over 18."

The state introduced into evidence the photo lineup from which the mother had identified the defendant during the investigation.  The state then had the mother identify the defendant in the store's video surveillance already admitted into evidence.  The state lastly had the mother identify the defendant sitting in the courtroom.

## 2. *The Defendant's Motion for Judgment of Acquittal*

After the state rested, the defendant moved for a judgment of acquittal.  One of the grounds raised was insufficient evidence that the defendant was eighteen years of age or older when the offense occurred.  *See* § 800.04(7)(b), Florida Statutes (2016) ("An offender 18 years of age or older who commits a lewd or lascivious exhibition commits a felony of the second degree . . . .").  The defendant argued:  "[The defendant's age] could have easily been proved by the submission of a driver's license. . . . We only have evidence that the person appeared to be over the age of 18."

The state, in response to the defendant's motion, argued:

> With regard to [the element that] the defendant was 18 years of age or older at the time of the offense, I'm citing *State v. Surin* . . . 920 So. 2d 1162 [(Fla. 3d DCA 2006)] . . . which holds that age, like any other issue in a case, can be proven by circumstantial evidence.  In [the instant] case, the

2

defendant, who was actually born in 1953, is clearly seen on the video. The jurors can look at that video and . . . through the circumstantial evidence of his appearance may conclude reasonably that he was over the age of 18.

In addition, lay opinions are admissible in Florida, and the lay opinion of the victim's mother was that she had an opportunity to view the defendant on that date and in her opinion she believed that he was well over the age of 18.

The trial court, reflecting on the parties' arguments, commented that *Surin* had been distinguished by our opinion in *White v. State,* 183 So. 3d 1168 (Fla. 4th DCA 2016). The following discussion then occurred:

STATE: I do recall that the issue [in *White*] was whether or not the State could prove by circumstantial evidence whether the defendant was in fact over 18 years of age. And the Fourth DCA noted that the defendant was 20 years of age at the time of the offense. I think the State had relied upon the jury's ability to view the defendant during the trial and argued that they could make that decision as to whether or not he was over 20 years of age. The [Fourth DCA] found that because it was such a close call because [the defendant] was 20 and [the jury] was trying to decide [whether the defendant was] 18 that the evidence did not disprove the defendant's . . . reasonable hypothesis of innocence that the defendant was under 18 and [the Fourth DCA] reversed the case. I would distinguish [*White*] by saying in this case, the defendant is not 20 years old. He's very far beyond that. I believe he's in his 60's.

COURT: Any evidence of that?

STATE: No, but there wasn't evidence in [*White*] either. The evidence I have for the record is, I would ask the Court to take judicial notice of the contents of the court file, which includes–

COURT: Well, wait, before I do that . . . I can only base a ruling on this motion based on what this jury heard, not what's in the court file.

STATE: Okay . . . I make that point because that's what the Fourth DCA did [in *White*] . . .

The Fourth DCA looked at the contents of the court file to determine that he was in fact 20 [years old] . . .

And then . . . they reversed the case because the jury looking at the 20-year-old did not disprove [the defendant's] reasonable hypothesis of innocence.

. . .

DEFENSE: Your Honor . . . I think [you] already picked it up, but [the State] had indicated that the defendant was born in 1953 and I don't think there was any evidence in the record as to any of that . . .

COURT: Well, to the extent that I'm able to note what the court record reflects, the court record reflects a date of birth of November 27, 1953.

. . .

[T]here's a difference between *White* and what we have here and *Surin.* Here we have . . . a situation where the State is asking to look at evidence in the court file to substantiate the burden of proof. In the *White* case, the court looked to it to show why there was an issue in lack of proof. Now, if the only testimony here was the opinion that he was over the age of 18, I'd be inclined to agree with [the defense]. I don't know [if that testimony] would rise to the level of proof beyond a reasonable doubt ultimately . . . but there is other testimony volunteered in response to that question in which [the victim's mother] said he was an older man, much over 18. So I think we have more than simply an opinion that he was over 18 . . . So the motion at this juncture is denied. . . .

### 3. *Closing Arguments*

During the state's closing argument, the prosecutor's only comment on the state's burden to prove that the defendant was eighteen years of age or older when the offense occurred was: "You can look at him. You can see him on the video. Use your common sense, good judgment; he's not [under eighteen years old]."

During the defendant's closing argument, defense counsel did not comment on the state's burden to prove that the defendant was eighteen years of age or older when the offense occurred.

The jury convicted the defendant as charged.

### 4. *Our Review*

This appeal followed. The defendant argues the trial court erred in denying his motion for judgment of acquittal because the state failed to present competent substantial evidence that he was eighteen years of age or older when the offense occurred. Relying on our opinion in *White v. State*, 183 So. 3d 1168 (Fla. 4th DCA 2016), the defendant argues that the jury's ability to observe him during trial, combined with the mother's testimony that he appeared to be much older than eighteen years of age, was insufficient evidence to prove his age.

The state responds that the trial court properly denied the defendant's motion for judgment of acquittal. According to the state, the jury's ability to observe the defendant during trial, combined with the mother's testimony that he appeared to be much older than eighteen years of age, was sufficient evidence to survive a motion for judgment of acquittal.

The state also argues that *White* is distinguishable for two reasons. First, the state argues, in *White*, no additional circumstantial evidence existed regarding the defendant's age, whereas in this case, the mother testified that the defendant appeared to be much older than eighteen. Second, the state argues, in *White*, the defendant was only twenty years old when the offense occurred, whereas in this case, the defendant was in his sixties when the offense occurred.

Our supreme court, in *Pagan v. State*, 830 So. 2d 792 (Fla. 2002), set forth our standard of review:

> In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.

*Id.* at 803 (internal citations omitted).

Here, we agree with the state that competent substantial evidence supports the required finding that the defendant was eighteen years of age or older when the offense occurred. Viewed in the light most favorable to the state, the mother's testimony that the defendant "was an older man" and "[m]uch over 18," plus the jury's opportunity to observe the defendant not just in court, but also in the photo lineup and video surveillance which the mother identified, was sufficient to allow the jury to find beyond a reasonable doubt that the defendant was eighteen years of age or older when the offense occurred.

We also agree with the state that *White* is distinguishable. In *White*, the defendant was convicted of two counts of sexual battery of a minor. 183 So. 3d at 1169. That crime, like the crime here, required the state to prove that the defendant was "18 years of age or older." § 794.011(2)(a), Fla. Stat. (2013).

We reversed the defendant's convictions and remanded for entry of judgments of conviction for a lesser included offense which did not require proof of the defendant's age. *Id.* at 1169. We reasoned that the state failed to present *any* evidence of the defendant's age other than the jury's ability to observe him during the trial. *Id.* at 1170.

Here, in contrast, the jury had more to consider beyond its own ability to observe the defendant during the trial. The jury also was able to consider the mother's testimony that the defendant "was an older man" and "[m]uch over 18," as well as the photo lineup and video surveillance showing the defendant's appearance when the offense occurred.

We recognize that in *White*, we noted our observation from the probable cause affidavit, which was not introduced at trial, that the defendant was twenty years old when the offense occurred. *Id.* However, we noted that observation merely to point out the possibility that the jury's ability to determine the defendant's age beyond a reasonable doubt may have been challenging, given the possible lack of disparity in appearance between a twenty-year-old person (who would be eligible for conviction of the charged crime) and a person under eighteen years old (who would not be eligible for conviction of the charged crime). *Id.* at 1171.

We contrasted that possible lack of disparity in age appearance with the greater disparity existing in *State v. Surin*, 920 So. 2d 1162 (Fla. 3d DCA 2006). There, the defendant was twenty-nine years old when the offense occurred, *id.* at 1165 n.1, and the state had to prove he was eighteen years of age or older when the offense occurred, *id.* at 1164. That disparity, along with more extensive evidence that the defendant was

eighteen years of age or older when the offense occurred, led our sister court to conclude sufficient evidence existed for a jury to find that the defendant was eighteen years of age or older when the offense occurred. *Id.* at 1165.

Here, the disparity in age appearance, which a reasonable juror likely would have observed between this defendant in his sixties and a person under eighteen, is much, much greater – by decades – than the disparity which the jury would have observed in *Surin.* That disparity, along with the mother's testimony that the defendant "was an older man" and "[m]uch over 18," as well as the photo lineup and video surveillance showing the defendant's appearance when the offense occurred, leads us to conclude sufficient evidence existed for the instant jury to have found that the defendant was eighteen years of age or older when the offense occurred.

*Affirmed.*

TAYLOR and KUNTZ, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***